## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| **MUN KYOO KIM, SEONG IL CHO** **and CHOON SEONG HYEON** on behalf of themselves and all others similarly situated, | ) ) ) ) |
| **Plaintiffs,** | ) **CIVIL ACTION** ) **FILE NO.** <u>3:15-cv-141-TCB</u> ) |
| **v.** | ) ) |
| | ) **JURY TRIAL DEMANDED** |
| **SOON JOSEPH CHOI, CHOON SIK LEE, and JIREH AMERICA, LLC.,** | ) ) |
| **Defendants.** | ) ) ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs MUN KYOO KIM, SEONG IL CHO, and

CHOON SEONG HYEON, on behalf of themselves and all others similarly

situated, through their counsel, Brian Gene Kim of Leon and Kim, LLC, and files

their Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This is a collective action brought under the Fair Labor Standards Act of

1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, in which Plaintiffs seek compensatory and liquidated damages against Defendants for their failure to pay federally-mandated overtime wages during Plaintiffs' employments with Defendants. Plaintiffs allege on behalf of themselves and all other current and former employees of Defendants, similarly situated Plaintiffs, in the state of Alabama and Georgia, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. 216(b) ("Collective Action Class"). In particular, it is the intent of this collective action to apply to all current/former "factory maintenance workers" of any of the Defendants in the State of Georgia and Alabama, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. 216(b). ("Collective Action Class").

## **PARTIES**

2.

MUN KYOO KIM, SEONG IL CHO, and CHOON SEONG HYEON, the named Plaintiffs in this action, live in the Middle District of Alabama.

3.

At all times material hereto, Plaintiffs were "employees" of the respective Defendants within the meaning of the FLSA.

4.

Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

5.

Defendant Jireh America, LLC ("Jireh America") is a Georgia limited liability company, which maintains, and, at all times relevant hereto, maintained offices in the State of Alabama and Georgia, and transacts and has transacted regular, not isolated, acts of business in Alabama and Georgia.

6.

According to the Alabama Secretary of the State's records, Defendant Jireh America's principal address is 112 Jefferson Parkway Unit 715, Newnan, Georgia 30263.

7.

According to the website of Defendant Jireh America, www.jirehamerica.com, since 2009, Defendant Jireh America "has provided proven and professional solution for factory automation system throughout the Montgomery AL and West Point GA."

8.

Jireh America can be served by delivering a copy of summons and complaint to its registered agent John Woo at 5855 Medlock Bridge Parkway, Suite 100, Johns Creek, Georgia 30022 or Kang Sik Lee at 6743 Taylor Circle, Montgomery, Alabama 36117.

9.

Defendant Jireh America is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 203(s).

10.

At all relevant times, Defendant Jireh America has been and remains, an Employer within the meaning of the FLSA, 29 U.S.C. §203(d), in that they acted ". . . directly or indirectly in the interest of an employer in relation to an employee. . ."

11.

As an employer who engaged in commerce, Defendant Jireh America is subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

12.

Defendant Jireh America, at all times material hereto, knowingly and willfully failed to pay Plaintiffs their lawfully earned wages in conformance with the FLSA.

13.

Defendant Soon Joseph Choi ("Soon Choi") is an individual and a corporate officer of Defendant Jireh America.

14.

Defendant Soon Choi was involved in the day-to-day operation and has substantial operation a control over Jireh America, without limitation, the policies governing individuals employed in the same capacity as the named Plaintiffs and the putative class of Plaintiffs.

15.

Defendant Soon Choi exerts control over financial affairs of Jireh America in compliance with the Fair Labor Standard Act.

16.

Defendant Soon Choi has the power to hire and fire employees, including, without limitation, individuals employed by Jireh America in the same capacity as the named Plaintiffs and putative class of Plaintiffs.

17.

Defendant Soon Choi controls employee's work schedules and conditions of the employment, including, without limitation, individuals employed by Jireh America in the same capacity as the named Plaintiffs and putative class of Plaintiffs.

18.

Defendant Soon Choi determines the rate and method of payment for employees including, without limitation, individuals employed by Jireh America in the same capacity as the named Plaintiffs and putative class of Plaintiffs.

19.

Defendant Soon Choi is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 203(s).

20.

At all relevant times, Defendant Soon Choi has been and remains, an "Employer" within the meaning of the FLSA, 29 U.S.C. §203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

21.

As an employer who engaged in commerce, Defendant Soon Choi is subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

22.

Defendant Soon Choi, at all times material hereto, knowingly and willfully failed to pay Plaintiffs their lawfully earned wages in conformance with the FLSA.

23.

Defendant Choon Sik Lee is an individual and a corporate officer of Defendant Jireh America.

24.

Defendant Choon Sik Lee was involved in the day-to-day operation and has

substantial operation control over Jireh America, without limitation, the policies governing individuals employed in the same capacity as the named Plaintiffs and the putative class of Plaintiffs.

25.

Defendant Choon Sik Lee exerts control over financial affairs of Jireh America in compliance with the Fair Labor Standard Act.

26.

Defendant Choon Sik Lee has the power to hire and fire employees, including, without limitation, individuals employed by Jireh America in the same capacity as the named Plaintiffs and putative class of Plaintiffs.

27.

Defendant Choon Sik Lee controls employee's work schedules and conditions of the employment, including, without limitation, individuals employed by Jireh America in the same capacity as the named Plaintiffs and putative class of Plaintiffs.

28.

Defendant Choon Sik Lee determines the rate and method of payment for

employees including, without limitation, individuals employed by Jireh America in the same capacity as the named Plaintiffs and putative class of Plaintiffs.

29.

Defendant Choon Sik Lee is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 203(s).

30.

At all relevant times, Defendant Choon Sik Lee has been and remain, an "Employer" within the meaning of the FLSA, 29 U.S.C. §203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

31.

As an employer who engaged in commerce, Defendant Choon Sik Lee is subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

32.

Defendant Choon Sik Lee, at all times material hereto, knowingly and willfully failed to pay Plaintiffs their lawfully earned wages in conformance with

the FLSA.

## **JURISDICTION**

33.

Jurisdiction over this action is conferred on this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

34.

This Court's exercise of jurisdiction will comport with fundamental due process notions of fair play  and justice. Defendants' voluntary, repeated and systematic business dealings in this jurisdiction demonstrate that Defendants should reasonably expect to be brought into Court in this jurisdiction.

## **VENUE**

35.

The venue of this Court over this controversy is based upon following:

    a.        Defendants' principal place of business is in the Northern District of Georgia; and/or

    b.        Defendant Jireh America, is a Georgia Limited Liability Company doing business within this judicial district.

36.

Venue is proper in the Northern District of Georgia.

## FACTS

37.

Plaintiffs are current or former employees of Defendant Soon Choi.

38.

Plaintiffs are current or former employees of Defendant Jireh America.

39.

Plaintiffs are current or former employees of Defendant Choon Sik Lee.

40.

On or around April 9, 2015, Plaintiff Mun Kyoo Kim was hired by Jireh America as a factory maintenance worker.

41.

From April 9, 2015 to as of the date of his Complaint, Plaintiff Mun Kyoo Kim worked at the Montgomery, Alabama facility.

42.

During the employment, Defendants paid Plaintiff Mun Kyoo Kim a fixed wage of $1,000.00 per week.

43.

Plaintiff Mun Kyoo Kim worked in excess of forty-hours for at least one week but has not received overtime compensation at the rate of time and one-half of their regularly rate for that week.

44.

At all times relevant hereto, Plaintiff Mun Kyoo Kim worked on average seventy (70) hours per week.

45.

On or around December 1, 2011, Plaintiff Seong Il Cho was hired by Jireh America as a factory maintenance worker.

46.

From December 1, 2011 to May 20, 2015, Plaintiff Seong Il Cho worked at the Montgomery, Alabama facility.

47.

From December 1, 2011 to March 31, 2012, Defendants paid Plaintiff Seong Il Cho a fixed wage of $130.00 per day.

48.

From April 1, 2012 to May 20, 2015, Defendants paid Plaintiff Seong Il Cho a fixed wage of $150.00 per day.

49.

Plaintiff Seong Il Cho worked in excess of forty-hours for at least one week but has not received overtime compensation at the rate of time and one-half of their regularly rate for that week.

50.

At all times relevant hereto, Plaintiff Seong Il Cho worked on average seventy (70) hours per week.

51.

On or around December 11, 2013, Plaintiff Choon Seong Hyeon was hired by Jireh America as a factory maintenance worker.

52.

From December 11, 2013 to February 17, 2015, Plaintiff Choon Seong Hyeon worked at the Montgomery, Alabama facility.

53.

From December 11, 2013 to February 17, 2015, Defendants paid Plaintiff Choon Seong Hyeon a fixed wage of $150.00 per day.

54.

Plaintiff Choon Seong Hyeon worked in excess of forty-hours for at least one week but has not received overtime compensation at the rate of time and one-half of their regularly rate for that week.

55.

At all times relevant hereto, Plaintiff Choon Seong Hyeon worked on average seventy (70) hours per week.

56.

Defendant Soon Joseph Choi is an officer of Jireh America.

57.

Defendant Choon Sik Lee is an officer of Jireh America.

58.

Jireh America engages in manufacturing and installation of factory automation system.

59.

At all times relevant hereto, Defendants paid Plaintiffs a fixed wage rather than an hourly wage.

60.

At all times relevant hereto, the Defendants failed to pay Plaintiffs one and one-half times their regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants only paid Plaintiffs a fixed wage regardless of the hours worked.

61.

Plaintiffs' principal duties while working for Defendants were maintaining equipment in Defendants' factory.

62.

During the time Plaintiffs were employed by Defendants, Defendants utilized time cards in order to track Plaintiffs' hours worked.

63.

Defendant Soon Choi has employed, other than Plaintiffs, at least one maintenance worker who worked in excess of forty-hours for at least one week but has not received overtime compensation at the rate of time and one-half of their regular hourly rate for that week.

64.

Defendant Jireh America has employed, other than Plaintiff, at least one maintenance worker who worked in excess of forty-hours for at least one week but has not received overtime compensation at the rate of time and one-half of their regular hourly rate for that week.

65.

Defendant Choon Sik Lee has employed, other than Plaintiff, at least one maintenance worker who worked in excess of forty-hours for at least one week but has not received overtime compensation at the rate of time and one-half of their regular hourly rate for that week.

66.

Plaintiffs and the putative class members are similarly situated in terms of job duties, pay, and compensation because they either operate or maintain Defendants' factory equipment, are paid a fixed wage, and they are directed by the same managers.

67.

Defendants deliberately failed to provide Plaintiffs with overtime compensation for hours worked in excess of forty in a workweek in 2012, 2013, 2014, and 2015.

68.

Plaintiffs have retained Leon and Kim, LLC to represent them and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

69.

It is the intent of this collective action to apply to all of Defendants' current/former "Factory Maintenance Workers."

# CLAIM FOR RELIEF

## COUNT I.

## VIOLATION OF FAIR LABOR STANDARD ACT (FLSA)

### 70.

Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

### 71.

Defendants repeatedly and willfully violated the provisions of Fair Labor Standard Act, 29 U.S.C. § 201 *et seq.* by employing individuals, including the Plaintiffs, engaged in commerce or in the production of goods for commerce, for work weeks longer than forty hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

### 72.

The Plaintiffs, as well as those similarly situated to them, were/are regularly compelled to work more than forty hours per week but were/are not paid overtime compensation as required under the FLSA.

73.

The Plaintiffs, and those similarly situated to them, were/are not exempt employees under the FLSA; thus, Defendants were required to pay them overtime compensation for all hours worked each week in excess forty.

74.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

75.

As a result of Defendants' unlawful acts, omissions, and practices, the Plaintiffs, and those similarly situated to them, suffered a loss of wages of at least $100,000.00 or in an amount to be determined in this collective action.

76.

Each Defendant, jointly and severally, owes the Plaintiffs, and those similarly situated to them, overtime pay for work performed but not compensated in an amount to be determined in this collective action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

77.

Pursuant to Section 216(b) of the Act, Defendants owe Plaintiffs, and those similarly situated to them, jointly and severally, for reasonable attorney fees.

## COUNT II

### COLLECTIVE ACTION FOR OTHER EMPLOYEES SIMILARLY SITUATED

78.

Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

79.

Pursuant to 29 U.S.C. § 216, Plaintiffs provided a statutory right to bring this action on behalf of themselves and other employees similarly situated.

80.

It is the policy of Defendants not to pay their Factory Maintenance Workers the overtime compensation at the lawfully required rate of time and one-half for all hours worked in excess of forty-hours per workweek.

81.

Factory Maintenance Workers at the Defendants' businesses do not receive

overtime compensation at the lawfully required rate of time and one-half for all hours worked in excess of forty-hours per workweek.

82.

Plaintiffs intend to obtain the names of other employees similarly situated, both current and former, by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will seek leave of Court to amend their Complaint for Damages to set forth the names of such employees and the amounts of unpaid FLSA overtime compensation due to them.

WHEREFORE, Plaintiffs demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;

2. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Action Members as an FLSA Opt-In Class, apprising them of the pendency of the claims asserted in this action under Section 216(b) of the FLSA, permitting them to assert timely Section 216(b) FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members and tolling

the statute of limitations;

3.   An Order finding that Defendants violated section 215(a)(2) and 216(b) of the FLSA;

4.   Judgment in favor of Plaintiffs and all those similarly situated to them and against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;

5.   Pursuant to Section 216(b) of the Act, judgment in favor of Plaintiffs and those similarly situated to them and against Defendants, jointly and severally, for reasonable attorney fees;

6.   Judgment in favor of Plaintiffs and those similarly situated to them and against Defendants, jointly and severally, for prejudgment interest;

7.   Judgment in favor of Plaintiffs and those similarly situated to them and against Defendants, jointly and severally, for all taxable and non-taxable costs;

8.   Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury trial is available; AND

9.   Such other, further and different relief as this Court deems appropriate.

This 8th day of September, 2015.

By: */s/ Brian G. Kim*
    Brian G. Kim
    Georgia. Bar No. 479330
    Alabama Bar No. 1288R67G

By: */s/ Beverly Lucas*
    Beverly Lucas
    Georgia. Bar No. 427692

By: */s/ Homero Leon*
    Homero Leon
    Georgia. Bar No. 446585

LEON AND KIM, LLC
3006 Clairmont Road
Atlanta, GA 30329
Telephone:   678.302.1956
Facsimile:   404.601.1391
E-Mail: Brian@leonandkim.com