## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Mutual Settlement Agreement and Release (the "**Agreement**"), made and entered into as of October 27, 2016 ("**Effective Date**"), is made among Mun Kyoo Kim, Seong Il Cho, and Choon Seong Hyeon (collectively "**Plaintiffs**"); Leon & Kim, LLC ("**Plaintiffs' Counsel**"); Soon Joseph Choi, Choon Sik Lee, and Jireh America, LLC (collectively "**Defendants**").

## RECITALS

A.  Plaintiffs and Defendants are parties to a civil action pending in the United States District Court for the Northern District of Georgia, case no. 3:15-cv-141-TCB, captioned as *Mun Kyoo Kim, Seong Il Cho, and Choon Seong Hyeon, on behalf of themselves and all others similarly situated v. Soon Joseph Choi, Choon Sik Lee, and Jireh America, LLC,* (the "Action") which arises out of or relates to the former employment of or work performed by the Plaintiffs;

B.  Plaintiff Kim and Plaintiff Cho have filed charges of discrimination against Jireh America LLC ("Jireh America") before the U.S. Equal Employment Opportunity Commission (EEOC), whose respective case numbers are 410-2015-05785 and 410-2015-05787; and,

C.  The parties to this Agreement desire to settle all claims, allegations, and causes of action asserted or which could have been asserted by Plaintiffs or Defendants in the Action that arises out of or relates in any way to Plaintiffs' employment at Jireh America or compensation received, from the beginning of time to the Execution Date.

**NOW THEREFORE**, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby irrevocably acknowledged, the parties hereto, intending to be legally bound, hereby agree as follows:

1.  **Non-Admission**. This Agreement is a compromise of disputed claims and allegations that were asserted or could have been asserted by Plaintiffs and Defendants in the Action. All parties agree that this Agreement, its recitals, terms or provisions, negotiations or proceedings connected with this Agreement, or any action taken to carry out this Agreement, should in no way be construed as an admission of any allegation, fact or liability, omission, or any act of wrongdoing by the parties. Nothing contained herein shall constitute an admission or be admissible in any other civil, criminal, or administrative proceeding except to enforce the terms of this Agreement.

2.  **Consideration**. In addition to other good and valuable consideration, the parties agree as follows:

    (a) Defendants agree to pay a total sum of $60,000.00, payable as follows:

        i.  $4,000.00 to plaintiff Mun Kyoo Kim;

*For Settlement Discussion Only & Subject to FRE 408*

      ii.  $13,000.00 to plaintiff Seong Il Cho;

     iii.  $20,000.00 to plaintiff Choon Seong Hyeon; and

     iv.  $23,000.00 to the law firm of Leon & Kim, LLC, for attorneys' fees and costs.

(b) The total sum of $60,000.00 shall be paid in six equal installments of $10,000.00. The first installment shall be paid by the first day of the first month after receipt of approval of the settlement evidenced by this Agreement from the United States District Court for the Northern District of Georgia, with the remaining five (5) installments of $10,000.00 to be paid on the first day of each succeeding month until paid in full. Should Defendants fail to make monthly payment by the agreed date herein, interest shall accrue at the rate of 18% per annum.

(c) The above payments installment payments shall be made by checks payable to Leon & Kim, LLC and deposited into a trust account designated by Plaintiffs' Counsel, who shall distribute each installment payment to each Plaintiff in accordance with his pro rata share of the $60,000.00 settlement amount.

(d) If Plaintiffs' Counsel does not receive any check on or before its designated installment due date, Plaintiffs' Counsel shall promptly notify Richard DeWeese or Yurie Yeoul Bae of DeWeese & Bae, LLC of such non-payment in writing.

(e) Defendant Jireh America acknowledges and agrees it is liable for all payments described herein.

(f) Jireh America shall issue 1099 forms to Plaintiffs and Leon & Kim, LLC for the payments referenced in subsection (a) of this paragraph.

(g) All parties agree that the consideration for this Agreement is fair and adequate, and will be paid in full, final, and complete settlement in accord and satisfaction of all claims that are released in this Agreement.

(h) The parties shall each bear their own attorneys' fees, costs, and expenses in conjunction with the negotiation of this Agreement.  However, the parties agree that in any action to enforce or interpret this Agreement, the prevailing Party shall be entitled to an award of reasonable attorneys' fees and costs incurred by reason of such action.

(i) Plaintiffs agree and acknowledge that Defendants have not made any representations to Plaintiffs regarding the tax consequences of any payments or amounts received by Plaintiffs pursuant to this Agreement. Plaintiffs agree to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon any payment of the settlement amount.

(j) Each Plaintiff further agrees and acknowledges that Plaintiff has been properly paid for all hours worked for Jireh America, that all salary, wages, commissions, bonuses, and

*For Settlement Discussion Only & Subject to FRE 408*

other compensation due to each Plaintiff have been paid, and that each Plaintiff is not owed anything else from Defendants other than as provided for in this Agreement.

3. **Stipulation of Dismissal & Withdrawal**. Plaintiffs agree to file a Stipulation of Dismissal with Prejudice of all claims alleged in the Action promptly after court approval of this Agreement. All parties agree to take whatever steps are necessary or required to accomplish such dismissal.

   Plaintiff Mun Kyoo Kim and Plaintiff Seong Il Cho agree to withdraw their respective charges against Jireh America before the Equal Employment Opportunity Commission (EEOC) within 5 business days of the date upon which the United States District Court for the Northern Georgia approves this settlement agreement and provide confirmation in writing of such withdrawal.

4. **General Release and Waiver by Plaintiffs**. Upon the Execution Date, in consideration for the promises described in this Agreement and other good and valuable consideration, each Plaintiff hereby fully, absolutely, and unconditionally releases and forever discharges each Defendant and any respective parents, affiliates, predecessors, successors, assigns, shareholders, officers, directors, employees, partners, members, agents, attorneys, trustees, representatives (whether in their corporate or individual capacities), insurers, and any surviving companies or entities by reason of any merger or acquisition, and all persons acting by, through, under, or in concert with any of them, whether past, present, or future, from any and all liabilities, allegations, claims, losses, suits, debts, liens, obligations, damages, costs and expenses (including attorneys' fees), demands, actions, or causes of action which were asserted or could have been asserted, whether known or unknown, suspected or unsuspected, accrued or unaccrued in the Action, or concerning, relating to in any way, or arising from the employment relationship between Plaintiffs and Defendants, including, but not limited to, any and all claims based on the Fair Labor Standards Act, and any other claims arising from Plaintiffs' employment relationship with Defendants, including but not limited to, any claim based on Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Equal Pay Act; the Americans with Disabilities Act; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act, as amended, the Genetic Information Nondiscrimination Act; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Immigration Reform and Control Act, as amended; the Occupational Safety and Health Act, as amended; the Sarbanes-Oxley Act of 2002; or the National Labor Relations Act. The release and waiver set forth in this paragraph does not prevent any Plaintiff from later alleging claims as a result of any alleged breach of this Agreement.

5. **Plaintiff s' Right to Seek Additional Attorney's Fees against Defendants' Former Counsel the Song Law Firm and its Counsels.**

   Plaintiffs' release and discharge of Defendants does not constitute a discharge or release of any claim that may be asserted against Defendants' former counsel the Song Law Firm and its counsels by the Plaintiffs. Plaintiffs expressly reserve their right to seek attorneys' fees against the Song Law Firm and its counsels for the undue delay and increased costs caused and incurred by the discovery abuse of the Song Law Firm and its Counsels.

*For Settlement Discussion Only & Subject to FRE 408*

6. **General Release and Waiver by Defendants**. Upon the Execution Date, in consideration for the promises described in this Agreement and other good and valuable consideration, each Defendant hereby fully, absolutely, and unconditionally releases and forever discharges each Plaintiff and any respective parents, affiliates, predecessors, successors, assigns, shareholders, officers, directors, employees, partners, members, agents, attorneys, trustees, representatives (whether in their corporate or individual capacities), insurers, and any surviving companies or entities by reason of any merger or acquisition, and all persons acting by, through, under, or in concert with any of them, whether past, present, or future, from any and all liabilities, allegations, claims, losses, suits, debts, liens, obligations, damages, costs and expenses (including attorneys' fees), demands, actions, or causes of action which were asserted or could have been asserted, whether known or unknown, suspected or unsuspected, accrued or unaccrued in the Action or concerning, relating to in any way, or arising from the employment relationship between Plaintiffs and Defendants. The release and waiver set forth in this paragraph does not prevent any Defendant from later alleging claims as a result of any alleged breach of this Agreement.

7. **Covenant Not to Sue**. Plaintiffs and Defendants hereby covenant that after the Execution Date, they shall not seek to institute, maintain, or otherwise prosecute in any way any person or entity hereinabove released with respect to any claim released by this Agreement.

8. **Non-disparagement**. Plaintiffs and Defendants hereby agree not to do or say anything that would portray any other party or such party's products or services in a negative light of any kind, in any manner, except as may be required by legal or statutory procedures. Defendants agree to supply neutral employment references if asked regarding the former employment of any Plaintiff. In giving a neutral reference, Defendant will provide nothing other than the dates of employment and positions held by the relevant Plaintiff.

9. **Voluntary and Informed Execution**. All parties hereto hereby mutually acknowledge and represent that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed the same.

10. **No Assignment**. The parties represent and warrant that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand, or legal right that is the subject of this Agreement.

11. **No Other Representations**. All parties hereby warrant and represent that no promise, representation, conduct, or consideration by any other party to this Agreement, or any third party, has induced the execution of this Agreement, except for those representations and considerations specifically set forth herein.

12. **Construction**. All parties hereby mutually acknowledge that they have had input into the drafting of this Agreement, or alternatively, have had an opportunity to provide such input. Accordingly, in any construction to be made of this Agreement, it shall not be construed for

*For Settlement Discussion Only & Subject to FRE 408*

or against any party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Agreement and the expressed intent of the parties.

13. **Severability**. All parties agree that, should any part, term, or provision of this Agreement be declared or determined by any agency or court of competent jurisdiction to be illegal, void, or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, void, or invalid part, term, or provision shall be deemed not to be part of this Agreement.

14. **Captions**. The captions and/or headings to paragraphs in this Agreement are for convenience only, and not part of this Agreement.

15. **Successors and Assigns**. This Agreement is intended to bind and benefit the parties hereto, their heirs, agents, legal representatives, assigns, and successors in interest.

16. **Counterparts and Facsimile**. This Agreement may be executed in multiple counterparts or by facsimile signature, each of which shall be deemed an original but all of which together shall constitute one document.

17. **Final Agreement**. This Agreement supersedes all previous representations, understandings, or agreements, oral or written, between the parties hereto with respect to the subject matter hereof, and contains the entire understanding of the parties hereto as to the terms and conditions of their agreement with regard to the subject matter addressed herein.

18. **Governing Law**. This Agreement is executed in the State of Alabama and all matters pertaining to its validity, construction, interpretation, and/or effect shall be governed by the laws of the State of Alabama without regard to any choice of law or conflict of laws rule.

19. **Dispute Resolution**. The Parties agree that a court of competent jurisdiction in Montgomery County, Alabama will have exclusive jurisdiction over any suit arising out of or related to this Agreement.  The Parties consent to personal jurisdiction in Alabama for the purpose of any such litigation.

20. **Breach**. The parties acknowledge and agree that any breach of any provision of this Agreement shall constitute a material breach of this Agreement and shall entitle the non-breaching party to recover litigation costs, expenses, and reasonable attorney's fees and costs incurred by the other party as a result of the breach. Should any Plaintiff breach any provision or obligation of this Agreement, Jireh America shall be entitled to recover the full amount paid to such Plaintiff and interest at the rate of 12 percent per annum or the maximum interest permitted by law, whichever is lesser.

**[*Signature Pages to Follow*]**

*For Settlement Discussion Only & Subject to FRE 408*

**IN WITNESS WHEREOF**, the authorized representatives of the parties have caused this Agreement to be executed as of the date first above written.

*ACCEPTED AND AGREED:*

_____

MUN KYOO KIM

THE STATE OF ALABAMA GEORGIA
B.K.

COUNTY OF United states of America Gwinnett
B.K.

I, a Notary Public, hereby certify that _____Mun Kyoo Kim_____ whose name is signed to the foregoing instrument or conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents, he/she/they executed the same voluntarily on the day the same bears date.

Given under my hand this ___13th___ day of ___October___, 2016.

_____

Notary Public

Print Name ___Brian Kim___

My commission expires: ___6/13___

[Signatures continue on following page]

*For Settlement Discussion Only & Subject to FRE 408*

_____Seong Il Cho_____
**SEONG IL CHO**

THE STATE OF ___Alabama___

COUNTY OF ___Lee___

I, a Notary Public, hereby certify that ___Seong Il Cho___ whose name is signed to the foregoing instrument or conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents, he/she/they executed the same voluntarily on the day the same bears date.

Given under my hand this ___10___ day of ___October___, 2016.

_____

Notary Public
Print Name ___Jennifer W Stacey___

My commission expires: ___09-24-18___

*[Signatures continue on following page]*

*For Settlement Discussion Only & Subject to FRE 408*

**CHOON SEONG HYEON**

THE STATE OF Alabama

COUNTY OF Lee

I, a Notary Public, hereby certify that Choon Seong Hyeon whose name is signed to the foregoing instrument or conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents, he/she/they executed the same voluntarily on the day the same bears date.

Given under my hand this 18 day of October , 2016.

Notary Public

Print Name Jessica Samuel

My commission expires: 2|1|2020

[Signatures continue on following page]

*For Settlement Discussion Only & Subject to FRE 408*

**LEON & KIM, LLC**

By: _____

Name: ____BRIAN KIM____

Title: ____PARTNER____

I, a Notary Public, hereby certify that ____BRIAN      KIM____ whose name is signed to the foregoing instrument or conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents, he/she/they executed the same voluntarily on the day the same bears date.

Given under my hand this __28th__ day of ____October____, 2016.

_____

Notary Public

Print Name ____Ellen E. Lee____

My commission expires:____4 / 18 / 2020____

ELLEN LEE
NOTARY PUBLIC-GEORGIA
FULTON COUNTY
MY COMMISSION EXPIRES
APRIL 18, 2020

*For Settlement Discussion Only & Subject to FRE 408*

**SOON JOSEPH CHOI**

THE STATE OF _____

COUNTY OF _____

I, a Notary Public, hereby certify that _____ whose name is signed to the foregoing instrument or conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents, he/she/they executed the same voluntarily on the day the same bears date.

Given under my hand this _____ day of _____, 2016.


_____

Notary Public
Print Name _____

My commission expires:_____

*[Signatures continue on following page]*

*For Settlement Discussion Only & Subject to FRE 408*

**CHOON SIK LEE**

THE STATE OF _____

COUNTY OF _____

I, a Notary Public, hereby certify that _____ whose name is signed to the foregoing instrument or conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents, he/she/they executed the same voluntarily on the day the same bears date.

Given under my hand this _____ day of _____, 2016.

_____

Notary Public
Print Name _____

My commission expires: _____

*[Signatures continue on following page]*

*For Settlement Discussion Only & Subject to FRE 408*

**JIREH AMERICA, LLC**

By: _____

Name: Soonborg Chai

Title: C.E.O

THE STATE OF _____

COUNTY OF _____

I, a Notary Public, hereby certify that _____ whose name as _____ of _____ is signed to the foregoing instrument or conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents, he/she/they, as such officer and with full authority, executed the same voluntarily for and as the act of said entity.

Given under my hand this _____ day of _____, 2016.

_____

Notary Public
Print Name _____

My commission expires: _____

*[End of Signatures]*