IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **MUN KYOO KIM, SEONG IL CHO** ) <br> **and CHOON SEONG HYEON** ) <br> ) **CIVIL ACTION** <br> Plaintiffs, ) **FILE NO. 3:15-cv-141-TCB** <br> ) <br> v. ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> **SOON JOSEPH CHOI, CHOON SIK LEE,** ) <br> **and JIREH AMERICA, LLC.,** ) <br> ) <br> Defendants. ) <br> ) | |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AGAINST DEFENDANTS' COUNSEL ARI JACOBSON AND SONG LAW FIRM and SUPPORTING BRIEF**

COME NOW Plaintiffs MUN KYOO KIM, SEONG IL CHO, and CHOON SEONG HYEON, by and through undersigned counsel, and file their Motion for Attorney's Fees Against Defendants' Counsel Ari Jacobson and Song Law Firm and Supporting Brief.

## BACKGROUND

Plaintiffs filed this action against Defendants under the Fair Labor Standards Act ("FLSA), alleging Defendants failed to pay them the overtime wages required by the FLSA. All parties reached a settlement, and this Court approved their

settlement [57], but the court re-opened this action on August 1, 2017 [61] for Defendants failure to fulfill their requirements under the settlement agreement.

This motion concerns the Court's May 20, 2016 order [40], in which the Court held Defendants' counsel at fault concerning discovery disputes. At the time of the May 20, 2016 Order, this Court reserved ruling on whether Plaintiffs were entitled to attorneys' fees (pg. 8, Doc. 40). Plaintiffs herein respectfully request the Court to award attorneys fees in favor of Plaintiffs against Defendants' counsel Ari Jacobson and/or Song Law firm.

## LEGAL STANDARDS

One of the primary purposes of Rule 26(g) of the Federal Rules of Civil Procedure is to curb discovery abuses via the imposition of sanctions against the attorneys and represented parties who either recklessly or intentionally commit them. As the Comments to the 1993 Amendments to Rule 26 clearly state:

> Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 and 37. In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions. The subdivision provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection.

Fed. R. Civ. P. 26(g), 1993 Amendments. Rule 26(g) expressly states that every disclosure pursuant to Rule 26(a)(1), as well as every discovery response, must be signed by at least one attorney of record. See Fed. R. Civ. P. 26(g)(1). "If a certification has been made without substantial justification, then the court, on motion, or on its own, <u>must</u> impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3). (emphasis added). "The decision whether to impose sanction under Rule 26(g)(3) is not discretionary." *Chudasama* v. *Mazda Motor Corp.*, 123 F.3d 1353, 1372 (11th Cir. 1997)(holding that Rule 26(g) sanctions are mandatory once a violation has been determined).

In ascertaining whether Rule 26(g) has been violated, courts employ an objective standard to decide whether an attorney or a party submitted a disclosure or discovery response for an improper purpose. See Oregon RSA No. 6 v. Castle Rock Cellular, 76 F.3d 1003, 1006 (9th Cir. 1996). Although acts of bad faith will typically result in sanctions against those who commit them, no finding of bad faith is required in order for a court to sanction either a party or an attorney under the Rule. See *National Ass'n of Radiation Survivors* v. *Turnage*, 115 F.R.D. 543, 545 (N.D. Cal. 1987).

**ARGUMENT**

On May 20, 2016, this Court found various discovery abuses committed by Defendants and their counsel. The Court stated in the Order:

- Many of Defendants responses violated Court's standing order inasmuch as Defendant asserted boilerplate objections. (pg. 5, Doc. 40).

- Some of the Defendants' responses to Plaintiffs' discovery requests were ridiculous. (pg. 5, Doc. 40). (Defendants objected to the interrogatory eighteen as vague and unambiguous, and the Court found "[t]here is no part of the interrogatory that any reasonably intelligent person could characterize as "vague" or "ambiguous."").

- Many of Defendants' initial and supplemental responses to Plaintiffs' discovery requests were incomplete and evasive. (pg. 6 Doc. 40). (Defendants claimed they did not have information about their plant manager's name, hours of operation, and the names of Plaintiffs' supervisors. Furthermore, when Plaintiff requested a privilege log, Defendants objected as Attorney-Client privilege, work product and confidentiality. When Plaintiffs further pressed, Defendants maintained their objection, merely stating "the documents were created during the pendency of this case."

- The above were just a few examples of Defendants' inappropriate and in many cases absurd responses. (pg. 7 Doc. 40).

Based on these findings, this Court is required to impose sanction against Defendants, Defendants' counsel, or both pursuant to Fed. R. Civ. P. 26(g). Defendants conduct caused Plaintiffs and their counsel unnecessary trouble and expenses. Based on the attached affidavit of Plaintiffs' counsel Brian Kim, Plaintiffs seeks $2,500.00 from Defendants' counsel.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request this Motion for Attorney's Fees Against Defendants' Counsel Ari Jacobson and Song Law Firm be granted and order Ari Jacobson or Song Law firm to pay $2,500.00, or any other appropriate amount, to Plaintiffs' counsel within 15 days from the date of the Court's ruling on this motion.

Respectfully submitted on 30th day of August, 2017.

Leon & Kim, LLC

By: *s/Brian G. Kim*
Brian G. Kim, Esq.
Georgia Bar No. 479330

1815 Satellite Blvd. #303
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile:  678.878.4208
E-Mail: leonandkimllc@gmail.com

## **CERTIFICATE OF COMPLIANCE**

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B for documents prepared by computer.

Respectfully submitted on 30th day of August, 2017.

By: *Brian Kim*
Brian G Kim
Georgia. Bar No. 479330

1815 Satellite Blve. Suite 303
Atlanta, GA 30097
Telephone: 678.878.4200
Facsimile:  678.878.4208
E-Mail: Brian@leonandkim.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| **MUN KYOO KIM, SEONG IL CHO** and **CHOON SEONG HYEON** on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION ) FILE NO. 3:15-cv-141-TCB ) |
| v. | ) ) ) |
| **SOON JOSEPH CHOI, CHOON SIK LEE,** and **JIREH AMERICA, LLC.,** | ) JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AGAINST DEFENDANTS' COUNSEL ARI JACOBSON AND SONG LAW FIRM and SUPPORTING BRIEF with the Clerk of the Court using the CM/ECF system which will automatically send e- mail notification of such filing to the following attorneys of record**:**

Yurie Yeoul Bae
Deweese & Bae, LLC
8191 Seaton Pl

Montgomery, AL 36116
Telephone:  (334) 239-7994


Ari Jacobson
Song Law Firm
Parker Plaza
400 Kelby St., 7th Fl,
Fort Lee, NJ 07024


Respectfully submitted on 29th day of August, 2017.

                                                      ***/s/ Brian G. Kim***
                                                      Brian G Kim, Attorney for Plaintiffs
                                                      Georgia. Bar No. 479330

1815 Satellite Blvd. #303
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile:  678.878.4208
E-Mail: brian@leonandkim.com