IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| MUN KYOO KIM, SEONG IL CHO and CHOON SEONG HYEON<br><br>    Plaintiffs,<br><br>v.<br><br><br>SOON JOSEPH CHOI, CHOON SIK LEE, and JIREH AMERICA, LLC.,<br><br>Defendants. | )<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO. <u>3:15-cv-141-TCB</u><br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS SEONG IL CHO AND CHOON SEONG HYEON'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
ATTORNEY'S FEES**

**COMPLIANCE WITH
ATTORNEY'S FEES PROCEDURE**

A claim for attorney's fees and related expenses must be made by motion within 14 days of the entry of judgment, and must specify the statute entitling the movant to the award and state the amount sought or a fair estimate of it. FED. R. CIV. P. 54(2)(B). Within 30 days of filing the motion, the movant must file a detailed specification and itemization of the requested reward, with supporting affidavits and other documentation. LR 54.2A(2), N.D.Ga. Plaintiffs timely file

this motion within fourteen days from the date the Court entered judgment, and they will include the itemized statement of the attorney's fees sought along with other necessary documentation within 30 days of filing this Motion.

## FACTS

### A. BACKGROUND

Plaintiffs SEONG IL CHO and CHOON SEONG HYEON ("Plaintiffs") retained counsel on June 1, 2015 and filed this FLSA overtime action on September 8, 2015. [1]. Plaintiffs worked as factory maintenance workers. [1].

After discovery, all parties reached a settlement, and this Court approved the Parties' settlement and dismissed this action. [58]. However, this case was re-opened when Defendants failed to pay any amount espoused in the settlement agreement. [61]. Later, Plaintiffs moved for summary judgment, and this Court granted judgment for unpaid overtime wage and liquidated damages in favor of Plaintiff Seong Il Cho in the total amount of $21,182.32 and Plaintiff Choon Seong Hyeon in the total amount of $17,533.60. [90].

### B. PLAINTIFFS TOOK STEPS TO MINIMIZE ATTORNEY'S FEES AND AGREED TO A REASONABLE SETTLEMENT.

Plaintiffs promptly conducted their discovery. In contrast, Defendants discovery conducts caused substantial delay and costs. This court found that, in its May 20, 2016 Order, *"[t]he above are just a few example of Defendants'*

*inappropriate and in many cases absurd responses to Plaintiffs' discovery requests. In addition, Defendants have delayed their depositions three times. In short, the Court can understand Plaintiffs' frustration with the way Defendants have handled discovery in this case.*" [40].

Defendants caused further delay and costs by utterly failed to pay any amount espoused in the settlement agreement.

## ARGUMENT AND CITATION OF AUTHORITY

### A. PLAINTIFFS ARE PREVAILING PARTIES UNDER THE FLSA

The FLSA provides that "in addition to any judgment awarded to the Plaintiffs," for unpaid overtime compensation, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis supplied). Courts construe the statute according to its ordinary terms and require that FLSA Plaintiffs received a judgment or settlement enforceable by a consent decree to be entitled to attorney's fees. *Mayer v. Wall Street Equity Group, Inc.,* 2013 U.S. App. LEXIS 6178 (11th Cir. March 28, 2013). By obtaining a judgment after a contested trial, Plaintiff is a "prevailing party." *Id*. Unless exceptional circumstances exist, attorneys fee awards in favor of prevailing Plaintiffs are mandatory and non-waivable. *Silva v. Miller*, 307 Fed.Appx. 349 (11th Cir. 2009); *Shelton v. Ervin*, 830 F.2d 182 (11th Cir.

1987)(Attorneys fees are an integral part of an FLSA judgment and required); see also *Thompson v. John L. Williams Co.*, 686 F.Supp. 315 (M.D. Ga. 1988)(attorney fee award mandatory under FLSA); Cf. *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984)(holding that the Fair Labor Standards Act, which uses the word "shall," requires district courts to award attorney's fees).

**B. PLAINTIFFS WERE FULLY SUCCESSFUL ON ALL THEIR CLAIMS.**

Plaintiffs successfully recovered all of the overtime due to them as well as liquidated damages. [90].

Moreover, the degree of success achieved by Plaintiffs are measured by the degree of success on each claim brought, not the total amount recovered. In this instance, both Plaintiffs achieved complete success against the Defendant Soon Joseph Lee on the one claim they brought, including liquidated damages. In FLSA cases, proportionality is not required. *Galdames v. N & D Investment Corp.*, 432 Fed.Appx. 801, 802 (11th Cir. 2011)(Approving award of more than $100,000 in attorneys based on an overtime award of $28,000); *Friedman v. South Florida Psychiatric Associates, Inc.*, 2005 U.S. App. LEXIS 13224 (11th Cir. July 1, 2005) (Affirming an attorney fee award of $85,822.75 based upon an overtime award of $12,922); *Odill v. Evans*, 2005 U.S. Dist. LEXIS 38865 (M.D. Ga. December 30, 2005)(Awarding $123,853.57 in attorneys fees based upon an overtime recovery of

$19,606.78) *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), cert. denied 513 U.S. 875 (1994)("Courts should not place an undue emphasis on the amount of the Plaintiffs' recovery because an award of attorney fees here 'encourage[s] the vindication of congressionally identified policies and rights.'"); see also *Perdomo v. Sears, Roebuck & Co.*, 1999 U.S. Dist. LEXIS 20881 (M.D. Fla. 1999). (Awarding $114,832.25 in attorneys fees based upon an overtime award of $17,140.84); *Grochowski v. Ajet Constr. Corp.*, 2002 U.S. Dist. LEXIS 5031 (S.D. N.Y. 2002)(Awarding $97,207l.50 based upon $26,000 overtime recovery); *Heder v. City of Two Rivers*, 255 F.Supp.2d 947 (E.D. Wis 2003) (Awarding $36,204.88 based upon an overtime award of $3,540).

In *Heder*, the court held that, unlike other fee shifting statutes, ". . . proportionality between fees and damages is not required [under the FLSA]. *Id*. citing *Spegon*, 175 F.3d at 558. "To hold otherwise would in reality prevent individuals with relatively small claims from effectively enforcing their rights." *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228-29 (7th Cir. 1972). And "given the nature of claims under the FLSA, it is not uncommon that attorneys fee requests will exceed the amount of the judgment in the case." In affirming the District Court, the Seventh Circuit awarded the employee still more attorney's fees, stating ". . . the parties should be able to work this out on their own rather than run

up an ever greater tab litigating about the amount of legal fees required to determine legal fees."

### C. THE LODESTAR (REASONABLE HOURS TIMES CUSTOMARY FEE) REQUESTED BY PLAINTIFFS ARE REASONABLE

As with other fee shifting statutes, the calculation of attorney's fees in an FLSA case involves multiplying the number of hours reasonably expended in litigating the claim and the customary fee charged for similar legal services in the relevant community ("lodestar amount"). *Galdames*, 432 Fed.Appx. at 806.

#### 1. THE HOURLY RATES ARE REASONABLE AND CUSTOMARY

Plaintiffs' counsel Brian Kim billed at a rate of $300 per hour. He has practiced law since 2012; is admitted to practice law in Georgia and Alabama; and has litigated before this district, Middle District of Georgia, Middle District of Alabama, and Southern District of Alabama for more than 30 employment law related cases, mostly Fair Labor Standards Act.

This Court frequently determined that an hourly rate greater than $300.00 per hour is a fair and reasonable rate. In *Capone v. Aetna Life Ins. Co.,* 2010 U.S. Dist. LEXIS 142281 (N.D. Ga. Dec. 21, 2010) ("Court finds that a rate of $425 per hour fairly and reasonably represents the prevailing market rate in the services provided by attorneys with skills, experience, and reputations comparable to [plaintiff's attorneys]"); *See also*, *Frazier v. Absolute Collection Serv.,* 2010 U.S.

Dist. LEXIS 141014, 23-24 (N.D. Ga. Dec. 28, 2010) (internal citations omitted) ("Plaintiff identifies other cases in which Judges in this District have awarded a similar hourly rate. The undersigned concludes that the evidence identified in the motion for default judgment establishes the reasonableness of the hourly rate requested. The undersigned adds that, based on his own experience and knowledge, the $325 hourly rate is reasonable for an experienced attorney in the Northern District of Georgia."); *See also*, *Hickey v. Columbus Consol. Gov't*, 2011 U.S. Dist. LEXIS 24563 (M.D. Ga. Mar. 10, 2011) ("Court concludes that the prevailing market rate for Columbus lawyers with the skill, experience, and reputation of Plaintiff's lawyers is now $300 per hour for employment discrimination litigation work representing plaintiffs").

The rate specified in this fee application is the rate that counsel Brian Kim charged and charges clients for his services and charged for Mr. Roberts' services. As set forth in the cases cited below, and the Brian Kim's declaration will show, the rate charged is at least the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *See Webster Greenthumb Co. v. Fulton Cty.*, 112 F.2d 1339, 1349 (N.D. Ga. 2000)(Holding that the hourly rate "customarily charged by the affiant himself or his law firm" is considered the "best evidence" of the

appropriate hourly rate.)

**2. THE HOURS EXPENDED ARE REASONABLE BECAUSE THEY REFLECT THE SERVICES PERFORMED AND A REASONABLE NUMBER OF HOURS IN COMPLETING EACH TASK.**

The hours incurred by Brian Kim in handling this case are reasonable for several reasons:

· Brian Kim has exercised billing judgment to exclude hours that are excessive, redundant, spent on unsuccessful pleadings, or otherwise unnecessary.

· The hours sought are not duplicative.

· There were no unnecessary litigation techniques or tactics that prolonged this litigation.

## CONCLUSION

For the foregoing reasons, Plaintiffs requests that the Court approve the fee award and enter judgment (or amend the judgment) to reflect an award of attorney's fees in the amount of $43,500.00.

This 28th day of February, 2019.

By: *Brian G. Kim*
Brian G. Kim, Esq.
Georgia Bar No. 479330

1815 Satellite Blvd. #303
Duluth, GA 30097
Phone: 678-878-4200
Fax:  404-878-4208
E-mail: Brian@BrianKimPC.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiffs certify that the pleading has been prepared in Times New Roman, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

 This 28th day of February, 2019.

By: *Brian G. Kim*
Brian G. Kim, Esq.
Georgia Bar No. 479330

1815 Satellite Blvd. #303
Duluth, GA 30097
Phone: 678-878-4200
Fax:  404-878-4208
E-mail: Brian@BrianKimPC.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I delivered the foregoing PLAINTIFFS SEONG IL CHO AND CHOON SEONG HYEON'S' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES by mail and email to:

Soon Joseph Choi
8635 Huntingdon Ridge Ct.
Montgomery, AL 36117

This 28th day of February, 2019.

By: *Brian G. Kim*
Brian G. Kim, Esq.
Georgia Bar No. 479330

1815 Satellite Blvd. #303
Duluth, GA 30097
Phone: 678-878-4200
Fax:  404-878-4208
E-mail: Brian@BrianKimPC.com